IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GIRLIS HUGH SERRATT, a.k.a. Hank Serratt, AIS #179785, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | CASE NO. 2:18-CV-478-MHT [WO] |
| EX-GOVERNOR BOB RILEY, et al., | ) ) ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Girlis Hugh Serratt, a state inmate, in which he challenges the confiscation of his legal materials on March 16, 2006 at the Limestone Correctional Facility and the failure of officials at Limestone to return these materials to him.[1] Doc. 1 at 2–3. Serratt alleges that these actions have deprived him of access to the courts and resulted in the dismissal of an appeal of his state convictions by the Eleventh Circuit Court of Appeals on March 29, 2018. Doc. 1 at 3. Serratt seeks the return of his legal materials and monetary damages from the defendants for the alleged violation of his constitutional rights. Doc. 1 at 4.

Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28

---

[1] Serratt is currently incarcerated at the Ventress Corretional Facility.

U.S.C. § 1404(a).[2]

## II. DISCUSSION

"A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a).

The Limestone Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  Thus, the actions about which Serratt complains occurred in the Northern District of Alabama.  Moreover, it appears from the complaint that the majority of individuals personally responsible for the challenged actions—correctional officials employed at Limestone—reside in the Northern District of Alabama.  The residency status of the remaining defendants, all former state officials, is not apparent from the complaint, but the means of service with respect to these individuals is consistent throughout the federal courts of this state.

---

[2] Serratt filed an application for leave to proceed *in forma pauperis*. Doc. 2.  However, under the circumstances of this case, the court concludes that assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

In light of the foregoing and in accordance with applicable federal law, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[3]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

The plaintiff may file objections to the Recommendation on or before **June 19, 2018**.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations set forth in this document will bar a *de novo* determination by the District Court of factual findings and legal issues covered in the Recommendation and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

---

[3] In transferring the instant civil action, this court makes no determination on the merits of the claims presented in the complaint.

DONE on the 5th day of June, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE